UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

OTIS McCRAY                                                                                          PLAINTIFF

v.                                                              CIVIL ACTION NO.  4:11-cv-54-CWR-LRA

GEO GROUP INC., et al.                                                                       DEFENDANTS

## ORDER OF DISMISSAL

Plaintiff McCray #97239, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the East Mississippi Correctional Facility (EMCF), Meridian, Mississippi, filed this Complaint [1] pursuant to 42 U.S.C. § 1983 on March 23, 2011.  The named Defendants are GEO Group Inc., R.J. Ray, Dr. Huggins, A. Jackson and Warden Reagans.  Upon liberal review of the Complaint [1] and Response [10], the Court has reached the following conclusions.

**I. Background**

Plaintiff states that he signed a contract for Therapeutic Community Substance Abuse Treatment in May 2010.  Comp. [1].  He complains that this contract was broken by Defendants because he was not given the agreed upon treatment.  *Id*.  Further, in Plaintiff's Response [10], he indicates that even though Defendants were aware of his failure to complete the requirements of the program he was given a certificate stating that he had completed said programs.  Finally, Plaintiff contends that Defendant GEO Group falsified documents in a scheme to defraud the government "out of money intended for prison[ers]." Comp. [1].  As a result of the actions of the Defendants, Plaintiff claims his constitutional rights have been violated.

**II. Analysis**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides  that "the court shall dismiss the case at any time if the

court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court has permitted the Plaintiff to proceed *in forma pauperis*[1] in this action; thus his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2). *See Lizana v. U.S. Copyright*, 2011 WL 3652205, *3, n. 4 (S.D. Miss. August 18, 2011).

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), c*ert. denied*, 510 U.S. 820 (1993). Plaintiff complains that his constitutional rights were violated because Defendants did not provided the treatment as stated in the contract. Comp. [1] and Resp. [10]. The United States Court of Appeals for the Fifth Circuit has stated that "[j]ust as Section 1983 does not create a cause of action for every state-action tort, it does not make a federal case out of every breach of contract by a state agency." *Braden v. Texas A & M University System*, 636 F.2d 90, 93 (5th Cir. 1981). Therefore, the alleged failure of Defendants to completely and adequately instruct Plaintiff while he was "under contract" for a substance abuse program or other rehabilitative programs does not rise to a level of constitutional deprivation. *See Sampson v. Knowlton*, No. 5:10cv25, 2010 WL 3853319 (E.D. Tex. Aug. 19, 2010)(citing *Levitt v. University of Texas at El Paso*, 759 F.2d 1224, 1230 (5th Cir. 1985)(holding that failure to follow regulations "may constitute a breach of contract or violation of state law, but unless the conduct violated constitutional rights, there is no constitutional claim"). Moreover, this Court finds that Plaintiff does not have a constitutionally protected right to participate in a drug

---

[1] Plaintiff was granted permission to proceed *in forma pauperis* on February 2, 2011.

treatment program or other programs for the purpose of rehabilitation. *See Moody v. Doggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L.Ed.2d 236 (1976)(holding that prisoners do not have a constitutional right to participate in rehabilitative programs). Consequently, Plaintiff cannot maintain the instant civil action.

### III. Conclusion

As explained above, the alleged breach of contract by Defendants failing to provide Plaintiff with complete and adequate treatment for substance abuse or other rehabilitative programs does not amount to a constitutional deprivation. Therefore, this case is dismissed as frivolous[2], pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), with prejudice.

### IV. Three-strikes provision

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike." *See* 28 U.S.C. § 1915(g). If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Order of Dismissal.

SO ORDERED this the 22nd day of September, 2011.

s/Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE

---

[2] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).