UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

OTIS McCRAY                                                                                                  PLAINTIFF

v.                                                              CIVIL ACTION NO.  4:11-cv-54-CWR-LRA

GEO GROUP INC., et al.                                                                         DEFENDANTS

### ORDER OF DISMISSAL

Plaintiff McCray #97239, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the East Mississippi Correctional Facility (EMCF), Meridian, Mississippi, filed this Complaint [1] pursuant to 42 U.S.C. § 1983 on March 23, 2011.  The named Defendants are GEO Group Inc., R.J. Ray, Dr. Huggins, A. Jackson and Warden Reagans.  Upon liberal review of the Complaint [1] and Response [10], the Court has reached the following conclusions.

**I. Background**

Plaintiff states that he signed a contract for Therapeutic Community Substance Abuse Treatment in May 2010.  Comp. [1].  He complains that this contract was broken by Defendants because he was not given the agreed upon treatment.  *Id*.  Further, in Plaintiff's Response [10], he indicates that even though Defendants were aware of his failure to complete the requirements of the program he was given a certificate stating that he had completed said programs.  Finally, Plaintiff contends that Defendant GEO Group falsified documents in a scheme to defraud the government "out of money intended for prison[ers]." Comp. [1].  As a result of the actions of the Defendants, Plaintiff claims his constitutional rights have been violated.

**II. Analysis**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides  that "the court shall dismiss the case at any time if the

court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court has permitted the Plaintiff to proceed *in forma pauperis*[1] in this action; thus his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2). *See Lizana v. U.S. Copyright*, 2011 WL 3652205, *3, n. 4 (S.D. Miss. August 18, 2011).

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), c*ert. denied*, 510 U.S. 820 (1993). Plaintiff complains that his constitutional rights were violated because Defendants did not provided the treatment as stated in the contract. Comp. [1] and Resp. [10]. The United States Court of Appeals for the Fifth Circuit has stated that "[j]ust as Section 1983 does not create a cause of action for every state-action tort, it does not make a federal case out of every breach of contract by a state agency." *Braden v. Texas A & M University System*, 636 F.2d 90, 93 (5th Cir. 1981). Therefore, the alleged failure of Defendants to completely and adequately instruct Plaintiff while he was "under contract" for a substance abuse program or other rehabilitative programs does not rise to a level of constitutional deprivation. *See Sampson v. Knowlton*, No. 5:10cv25, 2010 WL 3853319 (E.D. Tex. Aug. 19, 2010)(citing *Levitt v. University of Texas at El Paso*, 759 F.2d 1224, 1230 (5th Cir. 1985)(holding that failure to follow regulations "may constitute a breach of contract or violation of state law, but unless the conduct violated constitutional rights, there is no constitutional claim"). Moreover, this Court finds that Plaintiff does not have a constitutionally protected right to participate in a drug

---

[1] Plaintiff was granted permission to proceed *in forma pauperis* on February 2, 2011.

treatment program or other programs for the purpose of rehabilitation. *See Moody v. Doggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L.Ed.2d 236 (1976)(holding that prisoners do not have a constitutional right to participate in rehabilitative programs). Consequently, Plaintiff cannot maintain the instant civil action.

**III. Conclusion**

As explained above, the alleged breach of contract by Defendants failing to provide Plaintiff with complete and adequate treatment for substance abuse or other rehabilitative programs does not amount to a constitutional deprivation. Therefore, this case is dismissed as frivolous[2], pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), with prejudice.

**IV. Three-strikes provision**

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike." *See* 28 U.S.C. § 1915(g). If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Order of Dismissal.

SO ORDERED this the 22nd day of September, 2011.

s/Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[2] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).